Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5898 | DATE | 6/28/2001 |
| CASE TITLE | USA ex rel. SHAWN EDWARDS vs. JERRY STERNES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petitioner, Shawn Edwards Petition for a Writ of Habeas Corpus is Denied. Status hearing held.
(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | JUN 29 2001 | 30 |
| | Notices mailed by judge's staff. | date docketed | |
| | Notified counsel by telephone. | CM | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 JUN 28 PM 5:37 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

UNITED STATES OF AMERICA,  )
ex rel. SHAWN EDWARDS,     )
                           )
        Petitioner,        )   Case No. 00 C 5898
                           )
        v.                 )   The Honorable John W. Darrah
                           )
JERRY STERNES,             )
                           )
        Respondent.        )
                           )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Shawn Edwards' ("Edwards" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Jerry T. Sternes, Warden of the Dixon Correctional Center. For the following reasons, Edwards' Petition is DENIED.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Petitioner was convicted of first degree murder on January 11, 1994. He was sentenced on March 23, 1994 to a 20-year prison term which represented the minimum sentence for first-degree murder.

Petitioner appealed, raising one issue: whether he was denied his due process right to a fair trial after the court allegedly formed an opinion about his guilt before hearing all of the evidence. On June 10, 1996, the appellate court rejected Petitioner's claim and affirmed his conviction and sentence.

While the appeal was pending, Edwards filed a *pro se* post-conviction petition in the Circuit

Court of Cook County on July 1, 1994. Attached to the petition was an affidavit by Malcolm Steele dated November 1, 1993, stating that he "instigate[d] the act that caused the death of Mr. Clinton Parker by pulling down the arm of Mr. Shawn Edwards while he was in the act of discharging a .357 caliber pistol in celebration of the new year." On December 11, 1995, Judge Himel (the Judge who presided over the trial) granted the petition for post-conviction relief, finding that a witness' (Malcolm Steele's) recantation of his trial testimony constituted new evidence of Edwards' innocence. Judge Himel vacated Petitioner's conviction and sentence and granted him a new trial. In reaching his decision, Judge Himel stated:

> Just so the record is clear, I believe Malcolm Steel hit Shawn Edwards' hands. That's what I believe. That is consistent with Mr. Edwards' testimony. That is consistent with Mr. Edwards' intoxication at the time of this occurrence. That is consistent with the totality of the circumstances involving this case...The facts that I heard [at the original trial] was he pointed [the gun] in the air and that's when I called the defendant a liar and found him guilty of murder. But now when someone in my mind hit his arm, that would be consistent with someone drunk pointing the gun up in the air, having someone hit his arm and causing the death here. That's what I think happened. That's consistent with all the testimony in this case.

(Post Conv. Tr. 65-66).

This decision was reversed by the appellate court on August 14, 1997. The appellate court found that not only did the recantation not constitute "newly discovered evidence," it did not "amount to a truly persuasive demonstration of innocence." *People v. Edwards*, 291 Ill. App. 3d 476, 486 (Ill. App. Ct.1997). In explaining its decision, the appellate court stated:

> During oral argument before us, defense counsel admitted that Steele gave this version of the facts to Edwards' trial lawyer before the trial began. We cannot see how the "pulling down the arm" explanation of how the gun was fired can be deemed newly discovered, especially in light of what happened at trial.
> ***
> From beginning to end, from opening statement to final argument, the defense theory at trial was that Edwards believed the gun was empty when he pulled the trigger.

> Steele testified that he did grab Edwards' wrist, but then let go of it and started walking down the stairs. As he was walking down the stairs he heard the gun go off. Defense counsel's cross-examination of Steele reflected neither surprise nor disappointment.
>
> \*\*\*
>
> That account fit Bernard Meeks' testimony. Meeks said Steele was three or four steps down from Edwards when the shot was fired.
>
> \*\*\*
>
> More significantly, Edwards said the same thing. He believed the gun was empty. He was pointing the gun in Clinton's general direction because Steele had grabbed his arm. He never said the gun went off because Steele grabbed or pulled his arm.

*Id.* at 485. The appellate court then remanded the case to the circuit court for a ruling on the remaining constitutional issues.

Petitioner then filed a second post-conviction petition, alleging that he had received ineffective assistance of counsel because his counsel had failed: (1) to impeach an eyewitness (Malcolm Steele) with the contradictory affidavit which existed before trial, and (2) to call another witness (Renee Banks). Judge Thomas R. Fitzgerald of the circuit court granted Petitioner an evidentiary hearing but denied the petition on August 24, 1998. The circuit court found that Edwards had failed to meet his burden of showing by a preponderance of the evidence that his counsel had the affidavit before trial or knew of Renee Banks' proposed testimony. In its decision, the court stated:

> At the hearing and in his affidavit, Spector [Edwards' trial attorney] categorically denied ever seeing or knowing about the 11/93 affidavit or the pre-trial statement Mrs. Edwards claimed she obtained from Banks.
>
> \*\*\*
>
> Consequently, this court is left without an explanation of where the 11/93 affidavit came from. It first appears in the record of this cause in the petitioner's *pro se* petition for post-conviction relief, which was executed on July 1, 1994. But there is no evidence of how the petitioner came into possession of this critical document.
>
> \*\*\*
>
> Because Steele's statements are fraught with inconsistencies, this court finds him to be an inherently unreliable witness.

-3-

> ***
> Consequently, with no definitive answer from Mrs. Edwards or petitioner's current attorneys as to where the 11/93 affidavit came from, the court is left with the conflicting testimonies of a mother who wants to help her son and an attorney who has consistently and categorically denied petitioner's allegations. With no additional proof to tip the scales in favor of the petitioner, this court finds that petitioner has failed to prove by a preponderance of the evidence that Spector had the 11/93 statement before trial.

*People v. Edwards*, 93 CR 2364 (Cook Cty. Cir. Ct. August 24, 1998).

The Petitioner appealed this dismissal to the appellate court, arguing that it was reversible error for the trial judge to find that his counsel did not possess information that was within an affidavit allegedly filed prior to trial when the appellate court had held he did have such information earlier. On March 31, 2000, the appellate court affirmed the holding of the trial court. The appellate court stated:

> Rather than contradict our decision, the trial court's ruling comports with our finding that Steel's recantation was unreliable and that defendant failed to prove that Steele's trial testimony was perjured.
> ***
> Furthermore, even if defendant proved his attorney knew of Steele's affidavit prior to trial, he may have decided as a matter of trial strategy not to use it as impeachment because the statements in the affidavit contradicted defendant's testimony and the defense theory that defendant fired the gun believing it was empty.
> ***
> As we stated in our prior order rejecting defendant's claim of newly discovered evidence, Steele's recantation version, even if admitted as substantive evidence, would not likely have changed the result of trial because it would have been contradicted by another State's witness, by defendant, and by defendant's lawyer.
> ***
> Similarly, the use of Steele's affidavit to impeach his trial testimony would not likely have changed the result of the trial.

*People v. Edwards*, No. 1-98-3173 (Ill. App. Ct. March 31, 2000).

Edwards then filed a petition for leave to appeal with the Illinois Supreme Court, raising these same issues. On July 5, 2000, the Illinois Supreme Court denied Edwards' petition for leave

to appeal.

On September 28, 2000, Edwards filed this Petition for Writ of Habeas Corpus. Although Petitioner raises four "grounds for relief"[1] in his petition for habeas corpus, he makes three substantive arguments as to why his Petition should be granted: (1) the state's "key witness" has admitted to lying at trial; (2) the facts presented at trial were insufficient to support a conviction for first-degree murder; and (3) his counsel was ineffective because he failed to call a key witness to testify and failed to impeach another witness.

## DISCUSSION

I.  Standard of Review

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case; or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Edwards must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest

---

[1] Petitioner titles his four grounds as: (1) "The Trial Judge Granted New Trial", (2) "The Decision of the Trial Judge Should Stand", (3) "No Facts Presented Supported First Degree Murder," and (4) "Ineffective Assistance of Trial Counsel." The Court construes grounds "one" and "two" as making the same argument, with ground "two" merely attempting to state additional support for ground "one".

court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991)(citations omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999).

II.     Edwards' Claims

*Witness Recantation*

In his first claim, Edwards argues that Malcom Steele's recantation of his testimony merits a new trial. After trial, Malcolm Steele claimed that his testimony had not been truthful and that he had really pushed Petitioner's arm when the gun went off.

The Seventh Circuit has established a three-part test governing requests for new trials upon a witness' recantation of his or her testimony. *Olson v. United States*, 989 F.2d 229, 231 (7th Cir. 1993)(citations omitted). A defendant is required to demonstrate: "(1) that the recantation is true; (2) that the jury might have reached a different result if the witness in question had testified truthfully; and (3) that the witness' false testimony took the defendant by surprise." *Id.* Petitioner has failed to meet this burden.

First, Edwards has failed to show that Steele's recantation was truthful. Courts rightfully treat recantations with skepticism. *United States v. Kamel*, 965 F.2d 484, 494 n.25 (7th Cir. 1992). *See also Mendiola v. Schomig*, 224 F.3d 589, 592 (7th Cir. 2000)("Disbelief of recantations is reasonable."). The circuit court which considered Edwards' second post-conviction petition considered Steele's testimony highly unreliable. The circuit court observed, "he stated in the 11/93 affidavit that he was coerced by Gary Burns of the State's Attorney's office to change his story at

trial. However, in the evidentiary hearing, Steele said he did not remember this incident." Steele has already changed his story twice. He made one statement in his initial affidavit; he then changed his version of the facts at trial; he then changed his story a second time after trial. Edwards has failed to show that the circuit court's ruling that Steele was "an inherently unreliable witness" should be set aside.

Second, Petitioner has shown neither that the outcome of the trial would have been different had Steele testified to the facts as he sees them now nor that the witness' false testimony took the defendant by surprise. At trial, defense counsel proceeded on the theory that Edwards thought the gun was empty when he shot. Had Steele testified at trial that he pushed Edwards, it would have been inconsistent with counsel's theory of the case. Lastly, it cannot be said that Steele's testimony took the defendant by surprise since the Petitioner did not assert Steele's alleged act as a defense at trial.

*Sufficiency of the Evidence*

In his second claim, Edwards argues that the facts at trial were insufficient to support a conviction for first degree murder. Edwards has not raised this issue in his appeals to the appellate court. A petition for habeas corpus is considered procedurally defaulted if the petitioner has failed to appeal the issue to a state appellate court. *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). Once procedural default has been established, the petitioner may still present those claims in federal court if he can demonstrate: (1) cause for his default and (2) actual prejudice as a result of the alleged violations of federal law. Alternatively, the petitioner can present his claims if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not made a showing sufficient to survive the

procedural default.

However, Edwards' claim also fails on the merits. Edwards makes the conclusory assertion that all the testimony supported his explanation that this was an accidental shooting. Yet on direct examination, he never asserted that Steele's push was the cause of the accidental shooting. Instead, his defense rested on the claim that he did not know the gun was loaded – a claim the trial court did not believe. A federal court will not reconsider the factual findings of the trial court *de novo* based on a conclusory challenge which was not raised in any earlier appeal.

### *Ineffective Assistance of Counsel*

In his third claim, Edwards alleges ineffective assistance of counsel. Edwards bases this claim on: (1) his attorney's failure to impeach Malcolm Steele with an alleged pre-trial affidavit which contradicted his trial testimony and (2) his attorney's failure to call Renee Banks as a witness.

To show that his counsel was ineffective, Edwards must establish that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) a reasonable probability existed that, but for his lawyer's alleged errors, the outcome of his case would have been different. *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)).

It is settled law that an attorney's complete failure to impeach the sole eyewitness when significant impeachment is available constitutes ineffective assistance of counsel. *People v. Delgado*, 263 Ill. App. 3d. 238 (Ill. App. Ct. 1994). Here, Edwards claims that before trial, his counsel possessed a sworn exculpatory affidavit from the main eyewitness, Malcolm Steele, in which Steele admitted that the gun fired as a result of Steele grabbing Petitioner's hand (the "11/93 affidavit"). The circuit court considered this argument at length in Edwards' post-conviction petition

and found that Edwards had not proved either that his attorney possessed this affidavit or that it was credible. The circuit court observed that Edwards was unable to prove the existence of the affidavit before trial. The circuit court further noted that the numerous inconsistencies in Steele's statements called into question both the pre-trial existence and veracity of the alleged affidavit. Since Petitioner has failed to show that significant impeachment was available, he has failed to prove ineffective assistance of counsel.

However, even if Edward's counsel had impeached Steele's testimony, it is unlikely the outcome would have been different. Edwards' chief defense was that he didn't know the gun was loaded when he pulled the trigger.

Next, Edwards alleges that his attorney's failure to call Renee Banks as a witness constituted ineffective assistance of counsel. The circuit court considered this same argument and found that although Edwards' counsel had spoken to Banks before trial, Banks had not told him what she later stated in her affidavit. Petitioner's counsel "claimed that he had spoken to Banks several times before trial, including the time he was taking pictures at the crime scene (Banks' house), but she never made any statements to him that were favorable to the defense or different from those recorded by the police." (Ex. L at 9). Rather than ineffectiveness, counsel's decision not to call Banks was derived from his reasonable belief that she had nothing exculpatory to say. Furthermore, counsel "stated explicitly that it was his opinion and trial strategy that between the testimony of Steele and Edwards, 'there was more than enough to justify a reducer (reduced charge) on this case.'" Generally, the decision not to call a witness is presumed to fall within the realm of trial strategy. Petitioner has failed to show that his counsel at trial was ineffective.

## CONCLUSION

For the reasons stated herein, Edwards' Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 28, 2001